F. H. ALLEN, *Plaintiff in Error*, v. PEARCE NOLAND AND C. A. WEDERBRAND, COPARTNERS TRADING AS ELECTRIC MOTOR COMPANY, *Defendant in Error*.

Opinion Filed October 20, 1921.

Where a declaration states a cause of action, and an order for compulsory amendment does not fix the time for such amendment, the cause should not on petition without notice be dismissed for failure to amend even though three rule days had elapsed since the order for amendment had been made.

A Writ of Error to the Circuit Court for Hillsborough. County; F. M. Robles, Judge.

Judgment reversed.

*H. S. Hampton, Jno. W. Bull* and *Sandford & Hampton,* for Plaintiff in Error;

*Shackleford & Parks,* for Defendant in Error.

WHITFIELD, J.—Upon a motion for compulsory amendment of a declaration affecting a distinct portion of the complaint in a pending action the Court made the following order: "Motion sustained—Exception noted. Plaintiff

permitted to amend, and to deliver to defendant the second amended declaration; or a copy thereof—and the defendant given ten days time in which to plead to said second amended declaration.

Done and ordered this the 20th day of September, A. D. 1920.''

On December 10, 1920, the defendants presented the following petition:

''Your petitioners, the defendants in the above entitled cause, through their undersigned attorney, respectfully show to your honor, that on the 20th day of September, A. D. 1920, this Court made an order sustaining a motion interposed by these defendants to an amended declaration filed in the cause by the plaintiff, and, in such order, the Court did give such plaintiff leave to further amend such declaration.

''Your petitioners further show to the Court that since the making of said order, granting leave to further amend said declaration, several rule days have passed, and that the said plaintiff has not yet amended said declaration.

''Wherefore, your petitioners claim that under the Rules of Practice, in such cases made and provided, the said plaintiff is in default in the filing of such amended declaration, and it is shown to the court on the rule day in December, A. D. 1920, these petitioners filed their *praecipe* with *the clerk for the dismissal of said cause, on account of the* failure of said plaintiff to file a good and sufficient declaration or to amend his declaration now on file; and it is contended that these petitioners were entitled to this order of dismissal, as by right, and of course, but the clerk did not enter the same.

"It is further shown to the Court that at the present time the said plaintiff is still in default in the matter of filing such amended declaration.

"Wherefore, the premises being considered, your petitioners pray that the Court will *nunc pro tunc*, as of the rule day in December, A. D .1920, the time of the filing of your petitioners' motion for dismissal above described, enter its order dismissing said cause for the causes as aforesaid."

The following adjudication thereon was made December 10, 1920:

"The foregoing petition coming on this day to be heard, and, after considering the same, the Court having ascertained that the matters and facts therein set forth, with respect to the record in this cause, and the pleadings entered therein, are true and correct,

"It is thereupon ordered, adjudged and decreed that the said cause be and the same hereby is, dismissed, and a judgment in favor of the defendants thereto, to-wit, Pearce Noland and C. A. Wederbrand, doing business as Electric Motor Company, and against the said plaintiff be and the same hereby is entered, the defendants to go hence without day; and the costs of said cause be and the same hereby are assessed against the plaintiff. For which, let execution issue."

Writ of error was taken by the plaintiff.

In view of the fact that a part at least of the declaration stated a cause of action and that the time within which the declaration should be amended was not stated in the order of the Court, and of the further fact that apparently

no notice of the petition to dismiss the cause was given to the plaintiff or his counsel, the judgment of dismissal was erroneous and is reversed.

BROWNE, C. J., AND TAYLOR, ELLIS· AND WEST, J. J., concur.